JOSEPH KELLER and BELLA WEISS, complainants-appellants,

v.

CHAUNCEY L. HOMAN and ROSE BRAND, defendants-respondents.

[Argued October 23d, 1944. Decided February 2d, 1945.]

*Mr. Mortimer Eisner,* for the appellants.

*Mr. Robert A. Lederer,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

This is a suit for specific performance of an agreement to make a lease of a hotel property for three years. The critical question in the case is whether there was an agreement in writing sufficient to satisfy the statute of frauds. The paper relied on by the complainants was a written receipt, of which the following is a copy:

"April 11, 1944

Received from Joseph Keller and Bella Weiss one hundred 00/100 dollars as a deposit on lease of Biltmore Hotel—216 Main St., Lakewood, N. J., a 3 year lease to be executed from May 5/44 to May 5/47. Rental to be $2000 yearly as submitted to counsel for agreement, the terms of which are agreed upon and in Milton Miller's possession.

(Signed)  ROSE BRAND

$100.00          individually and as agent for Chauncey Holman, registered owner of record."

This paper obviously contains a reference to some other document in the possession of a named person, and the bill, the averments of which were supported by affidavits and were not contradicted by affidavit or answer, referred to and annexed as a schedule a copy of an agreement of lease signed by the complainants but not by defendants, in complete legal form, and covering over ten pages of the printed case. The affidavits indicate that this paper was drawn by Milton Miller and remained in his possession. The determinative question is whether that document is sufficiently identified by the language of the receipt as above to be considered as expressing and including the agreement between the parties as to the terms of rental. The Vice-Chancellor held to the contrary, but we are unable to agree with him in this regard. True, the receipt does not speak of an agreement or of a writing in those words, but we think it is clearly to be inferred from the phrase "the terms of which are agreed upon and in Milton Miller's possession" that Milton Miller had something in his possession (which is not denied) which contained the "terms," and must necessarily have been in writing. Indeed, the very receipt refers to a three-year lease at a yearly rental.

The learned Vice-Chancellor in his memorandum cited a number of cases bearing on the question before us, and particularly quoted from the old case of *Johnson and Miller* v. *Buck, 35 N. J. Law 338* (at *p. 344*), with opinion by the late Mr. Justice Depue. The quotation as contained in the state of the case before us, however, does not accurately reproduce the language in the report, which reads as follows:

"It is not essential that the whole bargain be contained in one memorandum. It will be sufficient to satisfy the statute if its terms can be gathered from two or more detached papers, if the signed memorandum contains such reference to the other papers as to make the latter part of the former. The connection between the signed and the unsigned papers cannot be made by parol evidence that they were actually intended by the parties to be read together, or of facts and circumstances from which such intention may be inferred. The connection between them must appear by internal evidence

derived from the signed memorandum. Parol testimony will be received only for the purpose of interpretation or explanation, where technical terms are employed, or to identify papers which, by a reference in the signed memorandum, are made parts of it." (Citing authorities.)

No question seems to be raised with regard to the agency of Rose Brand, the signer of the above receipt.

We are of opinion, as intimated already, that a proper reading of the receipt clearly indicates a reference to some document which is precisely located in the possession of a named person and made part of the receipt set forth above: and that Schedule A attached to the bill is a copy of the document referred to. It follows that the decree will be reversed, and the case remanded to the Court of Chancery, with directions to enter a decree requiring the defendants to execute the paper of which Schedule A is a copy, or one containing the same terms that are specified in the said paper.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 12.